19 CV 10504 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN QUIRE,

                                      Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; PSYCHEMEDICS CORPORATION; and THOMAS CAIRNS, individually and in his official capacity as Senior Scientific Advisor for PSYCHEMEDICS CORPORATION,

                                      Defendants.

**SUR-SUR-REPLY MEMORANDUM OF LAW IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

## JAMES E. JOHNSON

*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street, Room 2-186
New York, New York 10007-2601

*Of Counsel: Dominique F. Saint-Fort*
*Tel: (212) 356-2444*
*Matter No. 2019-062354*

## **PRELIMINARY STATEMENT**

On leave of the Court (see ECF Dkt. No. 62), the City Defendants submit this memorandum of law in sur-sur-reply to Plaintiff's opposition to, and in further support of, their motion to dismiss Plaintiff's Amended Complaint.

## **ARGUMENT**

In opposition to the City Defendants arguments related to Plaintiff's common law negligence claim, Plaintiff contends that he has satisfied the notice of claim requirements. As explained in City Defendants' memorandum of law in further support of their motion to dismiss Plaintiff failed to satisfy the notice of claim requirement.

With respect to his negligence claim, Plaintiff's Amended Complaint states that

> "Defendant City of New York and Defendant NYPD breached their respective duties to Plaintiff when they implemented, relied on and/or utilized a drug testing policy in which NYPD summarily "verified" the results of Psychemedics' analysis and ultimately terminated Plaintiff's employment based on such result, despite the fact that Psychemedics cannot show that their hair testing properly distinguishes between the presence of drugs due to ingestion and the presence of drugs due to passive exposure."

ECF Dkt. No. 30, at 16-17. In response to this claim, the City Defendants' argued in their memorandum of law in support of their motion to dismiss that Plaintiff failed to meet the elements for negligent hire or supervision. See ECF Dkt. No. 46, 29-30.

In opposition, however, Plaintiff argued that he was not setting forth a claim for negligent hire or supervision, but rather that the City was negligent in using hair samples for drug testing when alternative drug testing methods are available. Specifically, Plaintiff states:

> "Unlike City Defendants assert, Plaintiff's negligence claim is not based upon whether "NYPD's MRO acted pursuant to his duties as a NYPD employee and MRO" (see Defs. Mem. of Law, p. 24), and

> is not based upon the allegedly "negligent hire of Psychemedics to perform NYPD drug tests, and negligent supervision and/or training of [Police Surgeon] Dr. [Joseph] Ciuffo [NYPD's Medical Review Officer] in accepting Psychemedics' test conclusions." Defs. Mem. of Law, p. 23. . . . Instead, City Defendants are liable for negligence because they know, or at the very least should know, of an adequate alternative drug testing method that is more accurate in ruling out false positives, and have failed to implement and utilize at Plaintiff's expense."

ECF Dkt. No. 48, at 28-29.  This description of Plaintiff's negligence claim is not captured by Plaintiff's negligence claim in the Amended Complaint or in his notice of claim.  Notably, Plaintiff does not cite to where in the Amended Complaint or the Notice of Claim where this claim is asserted, which underscores the fact that this particular claim is not present in either document.

In this action, Plaintiff's notice of claim filed on or about June 13, 2018, does not assert a claim that the City Defendants were negligent in their decision to use hair samples in their drug tests.  See ECF Dkt. No. 54-1.  Nor does Plaintiff's notice of claim include any factual allegations which would reasonably give Defendants notice that Plaintiff intended to pursue a theory of liability based upon the City Defendants being negligent in using hair samples for drug testing.  See id.

Essentially conceding that this specific theory of negligence is not alleged in his Notice of Claim, Plaintiff argues in his Sur-Reply that 50-h hearing examination provided the City Defendants with an opportunity to investigate his claims and thereby presumably provided City Defendants with notice of his specific tort claims.   Plaintiff's allegation, however, has no support in the Amended Complaint or the documents attached thereto nor did Plaintiff, in his Opposition, provide a copy of this transcript which allegedly evinces notice.  Plaintiff  possessed the 50-h hearing transcript prior to filing his Complaint and Amended Complaint in this action,

but failed to provide the Court with a copy of the 50-h hearing transcript as part of his pleading and did not seek permission to file a copy of the transcript along with his Sur-Reply. In opposing the City Defendants' motion to dismiss, Plaintiff cannot rely upon documents that are not before the Court or part of his pleadings. "In deciding a Rule 12(b) motion, a court is not limited to the face of the complaint and may consider evidence outside the pleadings to resolve disputed factual issues." State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007). Plaintiff's failure to put a copy of the 50-h hearing before the Court for consideration requires that the Court disregard his reliance on the 50-h hearing transcript. As such, absent any notice to the City Defendants of his specific negligence claim, that claim must be dismissed for failure to satisfy notice of claim requirements.

## CONCLUSION

For the foregoing reasons, and the reason explained in the City Defendant's moving memorandum of law and reply memorandum of law, the Court should dismiss the Second Amended Complaint in its entirety and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 12, 2020

                                           **JAMES E. JOHNSON**
Corporation Counsel of the
  City of New York
Attorney for City Defendants
100 Church Street, Room 2-186
New York, New York 10007-2601
(212) 356-2444

By:        /s/
      Dominique F. Saint-Fort
      Assistant Corporation Counsel

3